NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAHAMED VRLAKU, | x | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | x | Civ. No. 05-1720 (SRC) |
| v. | x | **OPINION** |
| CITIBANK, | x |  |
| Defendant. | x |  |

Stanley R. Chesler, U.S.D.J.

This matter comes before the court by way of defendant's unopposed motion to dismiss the plaintiff's claims under the Fair Credit Billing Act, the Fair Credit Reporting Act, and related state law claims. For the reasons set forth below, plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute his case. Nevertheless, had the Court reached the merits of his claims, it would have dismissed plaintiff's federal claims and remanded the remaining state law claims.

## FACTS

Pro se plaintiff, Mohammad Vrlaku, filed this action on March 8, 2005 in the Superior Court of Monmouth County, Special Civil Part, alleging that Citibank falsely conveyed information about him to credit bureaus regarding an account that he disputed. Specifically, plaintiff's complaint alleges that defendant Citibank disseminated incorrect information about him on October 2, 2004 (Complt. at para. 9) and December 19, 2004 (id. at para. 10) to "third

1

parties, including but not limited to Advantage credit" (id. at para. 11). The body of the Complaint is otherwise rife with conclusory allegations that the disclosures by Citibank were negligent, reckless, willful, intentional, criminal, and/or fraudulent, but lacks any factual allegations about the nature of the disclosures, their content, the surrounding circumstances, or how plaintiff was damaged.

The Complaint attaches and incorporates by reference a letter of December 21, 2001 from plaintiff to defendant (Complt. at para. 11), which states as follows:

> It has come to my attention through the credit bureaus that you claim I had an account with your company. I hereby dispute this account entirely as not being valid and not belonging to me.
>
> As per the Fair Credit Reporting Act I demand verification that this debt does belong to me. If you cannot provide verification of this debt, including my signature for this account, I demand that it be removed from any and all credit reporting agencies including but not limited to TRW, Trans Union, and Equifax Credit Services (CBI).
>
> Furthermore, if this matter is not handled immediately and you continue to report this on my credit, I will file a complaint with the Attorney General's office and press charges against your company for falsely reporting information to the credit bureaus and hindering my ability to obtain credit. Federal law requires that upon my request you must show written proof that the account in question is in fact mine.

(See Letter of Mohammed Vrlaku dated December 21, 2004, attached to Complt.) There is nothing in the Complaint related to Citibank's response, or failure to respond, to the December 21, 2004 letter except the conclusory statement that its response was "improper." (Complt. at para. 11.)

Plaintiff claims this conduct represents a violation of the Fair Credit Billing Act

("FCBA") and the Fair Credit Reporting Act ("FCRA") (Count 1), as well as state law claims for libel (Count 2), libel per se (Count 3), slander per se (Count 4), defamation (Count 5), fraud (Counts 6), "injurious falsehood" (Count 7), intentional infliction of emotional distress (Count 8), negligent infliction of emotional distress (Count 9), and breach of contract (Count 10).[1]

## PROCEDURAL HISTORY

On March 30, 2005, defendant Citibank (South Dakota), N.A. removed the case to this Court based on federal question jurisdiction. [Docket Entry No. 1.] On April 4, 2005, defendant filed an Answer and Affirmative Defenses. [Docket Entry No. 2.] On May 10, 2005, after conducting an initial conference that plaintiff failed to attend, Magistrate Judge Hughes ordered defendant to file its motion to dismiss by June 10, 2005 and that the motion be returnable on July 5, 2005. [Docket Entry No. 5.]

On June 10, 2005, defendant filed its motion, along with certification of service, to dismiss pursuant to Federal Rule of Civil Procedure 12(c). [Docket Entry No. 6.] The Clerk's office rejected the electronic filing as technically deficient [see Electronic Docket Entry dated June 13, 2005] but defendant promptly re-filed a compliant motion, along with certification of service, on June 14, 2005 [Docket Entry No. 7], making the return date July 18, 2005. Plaintiff's opposition to the motion to dismiss was due, on or about July 5, 2005, see L. Civ. R. 7.1(d)(2) (opposition to a motion is due fourteen days before the date originally noticed for argument), but plaintiff never responded.

Having received no opposition, the Court entered an Order dated July 13, 2005

---

[1] The Complaint misnumbers these counts. The Court will refer to plaintiff's causes of action in the order in which they appear in the Complaint.

adjourning the return date to August 15, 2005 and directing plaintiff to file opposition no later than Monday, August 1, 2005.  [Docket Entry No. 8.]  The Court has received no opposition to date and, therefore, shall treat plaintiff's motion as unopposed.  Moreover, turning to the merits, the Court would find that plaintiff's complaint does not state a federal claim upon which relief can be granted.

## DISCUSSION

**I.       FAILURE TO PROSECUTE UNDER FED. R. CIV. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action and claim and provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).  A Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers.  See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (holding "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); see also In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982).  The Court of Appeals for the Third Circuit has held that "[n]o precise rule can be laid down as to what circumstances

4

justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination." Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir.1974) (citations and quotations omitted).

Courts generally consider six factors when determining whether or not to dismiss under Rule 41(b):  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).  While mindful of the care with which courts must treat pro se litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), if a pro se plaintiff has been provided adequate information and opportunity to respond to a motion, but has nevertheless continually disregarded his obligations as a litigant, it is not be beyond the discretion of the court to dismiss his claim.  Padro v. Heffelfinger, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986) (dismissing pro se complaint under Poulis factors).

Having carefully reviewed these factors, the Court concludes that final dismissal of this case under Rule 41(b) is appropriate.  Plaintiff's failure to take advantage of the several opportunities he has had to pursue his claims weighs in favor of dismissal.  Plaintiff failed to appear at the initial conference and twice failed to respond to the motion to dismiss.  In failing to respond to the motion, plaintiff has flouted the Court's Orders of May 10, 2005, which set the original return date as July 18, 2005, and July 13, 2005, which directed plaintiff to submit his opposition no later than August 1, 2005.  Because nothing before the Court indicates that

plaintiff is unable to respond, the inference of plaintiff's willfulness in failing to meet this obligation is inescapable. Further, continuing to adjourn this action would subject defendant to the prejudice of delay and the inability to have the merits of their motion heard due solely to the plaintiff's failure to respond. Finally, as set forth below, the Court's conclusions regarding the merits of plaintiff's federal causes of action further support dismissal under Rule 41(b). For all of these reasons, the Complaint shall be dismissed for failure to prosecute.

## II.     FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Had the Court reached the merits of plaintiff's complaint, it would dismiss the federal claims and remand the remaining state claims.

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is identical to that under Fed. R. Civ. P. 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 274, 277 (3d Cir. 1984). Moreover, the Court need not accept as true "legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." See Prevard v. Fauver, 47 F. Supp. 2d 538, 542 (D.N.J. 1999) (citing Miree v. DeKalb County, Ga., 433 U.S. 25 (1977)). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations, a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Sunn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982). The Court is mindful

that, in the case of a pro se litigant, it must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).  For the reasons set forth below, plaintiff's claims under the FCBA and FCRA fail to meet this standard.

      A.      **Fair Credit Reporting Act**

Plaintiffs FCRA claim fails because Citibank is not a "credit reporting agency" under the Act.  The FCRA embodies Congress' recognition of the "crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit upon both the individual consumer and the nation's economy as a whole."  Philbin v. Trans Union Corp., 101 F.3d 957, 962-63 (3d Cir. 1996) (citing 15 U.S.C. § 1681(a)(1), (3)).

Plaintiff's claims arise from Sections 1681c and 1681e(b) of the FCRA.  Specifically, plaintiff alleges defendant failed to "use and/or maintain reasonable procedures designed to avoid violations of Section 605" of the FCRA, (15 U.S.C. s 1681c).  Section 1681c of Title 15 places restrictions on the information that "consumer reporting agencies" may place in any "consumer report."  Plaintiff further claims defendant failed to use reasonable care in the course of its business in violation of section 607(b) of the FCRA (15 U.S.C.A. § 1681e(b)).  Title 15 U.S.C. § 1681e(b) places a duty upon "credit reporting agencies" in carrying out reporting procedures and provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates."[2]  Contrary to defendant's assertion at page 3 of its brief, consumers are entitled to bring private causes of action for willful and negligent noncompliance with any duty imposed by the FCRA under Sections 1681n and 1681o of Title 15, respectively.  Philbin, 101 F.3d at 962 (citations omitted).

Sections 1681c and 1681e(b), however, govern only the conduct of "consumer reporting agenc[ies]."  Under the FCRA, a "consumer reporting agency" is:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C.A. § 1681a(f).  Under this provision, a "consumer report" generally means a communication of any information that bears on a consumer's "credit worthiness for a number or purposes," but expressly excludes any reports "solely as to transactions or experiences between the consumer and the person making the report."  15 U.S.C.A. § 1681a(d)(2)(A)(i).  The FCRA, therefore, does not apply to business entities who allegedly wrongfully reported credit delinquencies to credit bureaus based upon their experiences with the consumer.  See Mason v. Chase Manhattan Bank USA, N.A., 194 F.3d 1313, No. 98-4144, 1999 WL 970280, at *2 (6th Cir. Oct. 15, 1999) (unpublished opinion) (holding information disclosed by a bank to a credit

---

[2] A case of negligent noncompliance with § 1681e(b) consists of four elements: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.  Philbin, 101 F.3d at 962-63.

8

reporting agency is not a "consumer report" under the terms of the FCRA); see also Miller v. Trans Union Corp., 24 Fed. Appx. at 424, 2001 WL 1563928, at *1 (6th Cir. 2001) (holding that neither a bank nor retail a merchant were "consumer reporting agencies" within meaning of FCRA because they "did not furnish consumer reports to third parties but, rather, reported information to credit reporting agency based solely on information contained in their own ledgers"); Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1988) (holding defendant bank was not "credit reporting agency" under the FCRA where it "did no more than furnish information regarding an account in the name of [plaintiff] to a reporting agency.").[3]

     Nothing in the complaint indicates that Citibank is itself a "consumer reporting agency" and, therefore, subject to the FCRA. Rather, according to plaintiff's Complaint, Citibank is a bank that reported a debt attributable to the plaintiff to a credit reporting agency and this case arises from plaintiff's dispute of that debt. Citibank's allegedly wrongful communication arises solely from a transaction between it and the plaintiff and, therefore, is not a "consumer report" under 15 U.S.C. § 1681a(d)(2)(A)(i). Accordingly, this is not the type of claim for which the FCRA provides a remedy, see Mason, 1999 WL 970280, at *2, and, had the Court reached the merits, it would have dismissed plaintiff's FCRA claim.

---

    [3]Notably, in Smith, the Court of Appeals for the Eleventh Circuit rejected plaintiff's argument that the information reported by the bank was not was not as to a transaction between it and a consumer, because plaintiff argued he was not, in fact, a customer of the Bank. 837 F.2d at 1578. The court found it sufficient that the bank believed plaintiff to be a customer based on its records and, therefore, held that the bank was not a "consumer reporting agency" under the FCRA. Id.

B.   **The Fair Credit Billing Act Claim**

Plaintiff further claims defendant's conduct violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. s 1666 et seq. The FCBA creates duties in a creditor[4] to correspond with a consumer and resolve billing differences. Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir. 1986). The creditor's duties are triggered by its receipt of written notice in which the consumer states his name and the relevant account number, his belief that the statement contains a billing error, the reasons for his belief, and the amount of the error. See 15 U.S.C. §§ 1666(a)(1), (2), and (3); Conn-Burnstein v. Saks Fifth Ave. & Co., 85 Fed. Appx. 430, 431, 2003 WL 23156639, at *1 (6th Cir 2003). Upon receipt of this notice, the creditor must: (1) within 30 days, send a written acknowledgment that it has received the notice; and (2) within 90 days or two complete billing cycles, whichever is shorter, investigate the matter and either (a) make appropriate corrections in the consumer's account or, (b) before making any attempt to collect the disputed amount, send a written explanation of its belief that the original statement was correct. See American Express Co. v. Koerner, 452 U.S. 233, 235-37 (1981). A creditor that fails to comply

---

[4]Under the FCBA, "creditor" means:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C.A. § 1602(f). Plaintiff's Complaint adequately alleges Citibank is a "creditor" under the FCBA.

with Section 1666(a) forfeits its right to collect the first $50 of the disputed amount including finance charges, and may be held liable to the consumer.  15 U.S.C. § 1666(e); Gray v. American Express Co., 743 F.2d 10, 13-14 (D.C. Cir. 1984).

Plaintiff's complaint fails to adequately alleged a cause of action under the FCBA.  A creditor's obligations under the FCBA are triggered upon receipt of a letter that complies with 15 U.S.C. s 15 U.S.C. §§ 1666(a) et seq., but liability can be imposed only upon failure to meet those obligations.  Namely, the creditor may be liable if it fails, within 30 days, to acknowledge receipt of the notice; and, within the shorter of 90 days or two billing cycles, to investigate and either correct the account or explain why the statement was correct.  The Complaint contains no factual allegations that defendant failed to carry out these obligations.  Although the Complaint summarily states that defendant's response to the plaintiff's December 21, 2004 letter was "improper," it fails to support this conclusion with any allegations of fact related to such response.  The Court need not accept as true the legal conclusion that Citibank's response was "improper."  Given that Citibank's response to plaintiff's letter appears to be the sole basis for his FCBA claim, had the Court reached the merits, it would have dismissed this claim.

### C.    State Law Claims

In view of the Court's conclusions regarding plaintiff's federal claims, had the Court reached the merits of plaintiff's complaint, it would further decline to exercise supplemental jurisdiction over the remaining state law claims.  See Mayer v. Gottheiner, -- F. Supp.2d -- 2005 WL 1993384, at *20 (D.N.J. Aug. 10, 2005) (holding "[b]ecause the Court has granted summary judgment in favor of the defendants on all federal claims, it declines to exercise supplemental

jurisdiction over plaintiff's remaining state law claims.") (citations and quotation marks omitted).

## CONCLUSION

For all of the above reasons, on this 22nd day of September, 2005, the plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 41(b).  The Court will enter an order consistent with this Opinion.


<u>Stanley R. Chesler</u>
United States District Judge